# United States Court of Appeals
## For the First Circuit

No. 01-2679

UNITED STATES OF AMERICA,

Appellee,

v.

NORMAN J. GALLANT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Lynch, Circuit Judges.

Jane Elizabeth Lee for appellant.

Karen L. Goodwin, Assistant U.S. Attorney, with whom Michael J. Sullivan, U.S. Attorney, was on brief, for appellee.

October 15, 2002

**LYNCH**, **Circuit Judge**.  The principal issue in this case is whether the plaintiff forfeited his objection to an error that might but need not have resulted in a shorter sentence.  On appeal, the defendant, Norman Gallant, objects to the denial of an additional one-level downward adjustment for acceptance of responsibility under § 3E1.1(b) of the United States Sentencing Guidelines, after the district court had granted a two-level downward adjustment.  The government concedes that the court erred, but nonetheless argues that there should be no relief because the issue was not preserved.  Forfeited sentencing objections are reviewed for plain error and there is no plain error, the government argues, because Gallant's 24-month sentence falls within the guidelines sentencing range that would have applied had the district court given Gallant the additional one-level adjustment.

Though the government's reasoning is not implausible, we find that Gallant did not forfeit his objection.  The defendant consistently argued that he was entitled to a three-level reduction, the government warned the district court against its eventual ruling, the ruling was contrary to both parties' positions, and the sentencing judge did not invite further arguments.

Gallant also challenges the imposition of an order that, as a special condition of supervised release, he transfer to the government all property necessary to make restitution.  Gallant

argues that there was no criminal forfeiture provision in the information or indictment, and that the court's order is best characterized as requiring forfeiture. This argument fails. The order does not amount to an order of forfeiture. Rather, it was a reasonable use of the court's authority to effectuate restitution.

## I.

Norman Gallant bilked the U.S. government out of roughly $300,000 over a decade. He waived indictment on May 21, 2001, and was charged by information. He timely pled guilty on two counts of mail fraud, 18 U.S.C. § 1341 (2000), one count of fraudulent receipt of Social Security benefits, 42 U.S.C. § 408(a)(4) (2000), and one count of tax evasion, 26 U.S.C. § 7201 (2000). Between August 1992 and October 2000, Gallant fraudulently obtained $29,130 in Section 8 rental subsidies from the Department of Housing and Urban Development. Between January 1995 and April 2001, he fraudulently secured $102,021 in Medicaid funds for a personal care attendant. Between July 1992 and February 2001, he fraudulently obtained $162,000 in Social Security disability benefits. The information had charged Gallant with cheating on his 1999 income taxes by a sum in excess of $11,000; Gallant pled guilty to committing tax fraud totaling between $23,500 and $40,000 over tax years 1995 to 1999. As part of the plea, the parties agreed that the total loss to the government was between $200,000 and $350,000.

In the plea agreement the government agreed to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (2002),[1] provided defendant met five conditions, three of which are pertinent here. Conditions (3), (4), and (5) stated that Gallant:

> (3) acknowledges that he is the sole effective owner and has sole effective control of the assets owned by the Macantosh Realty Trust, the Serenity Equity Trust and the Serenity Equity Trust II, and that all such assets are available for restitution; (4) takes all necessary steps to make such assets available for restitution as the Court may order; and (5) makes an initial payment of $15,000 in restitution to the clerk of the court prior to sentencing.

The Pre-Sentence Report (PSR) originally recommended that Gallant receive a three-level reduction if he complied with the government's conditions. The government responded to the PSR,

---

[1] U.S.S.G. § 3E1.1 provides:
(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
decrease the offense level by 1 additional level.

objecting that no three-level reduction should be granted for acceptance of responsibility because Gallant had not yet satisfied the terms of the agreement. Gallant had no objection, of course, to the recommended three-level reduction.

After reviewing the government's objections, the probation officer prepared an Addendum to the PSR revising his recommendations as follows:

> (25) The defendant admitted his involvement in the instant offense and is being granted acceptance of responsibility. The offense level is reduced two (2) levels per U.S.S.G. § 3E1.1(a) as he has clearly demonstrated acceptance of responsibility for his offense.
>
> (25a) Per U.S.S.G. § 3E1.1(b), if the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps: (1) Timely providing complete information to the government concerning his own involvement in the offense; or (2) Timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, decrease the offense level by 1 additional level. <u>As of this date, the defendant has not satisfied this criteria</u>.

(emphasis added).

Although the PSR correctly stated that there are two alternate conditions for a further one-level reduction under U.S.S.G. § 3E1.1(b), it also said that "this criteria" had not been met. The PSR was incorrect -- there has never been any question

that Gallant had met the second condition it described,[2] and the government never argued that defendant had not "timely notified the authorities of his intention to enter a plea of guilty." The PSR Addendum did not alert the court to the relationship between the granting of a two-level reduction and the granting of the third level.

Gallant's subsequent Sentencing Memorandum to the district court argued that he was entitled to a three-level reduction.[3] The government's position was that Gallant was not entitled to any reduction for acceptance of responsibility. If he was not entitled to a two-level reduction because he had not assisted the authorities, then he was ineligible for a third-level reduction. No party focused on the possibility that the court would deny a third-level reduction if the Court granted a two-level reduction. It simply was not an issue.

---

[2]It is possible the PSR was worded clumsily and meant only to say the first criterion was not met.

[3]In his sentencing memorandum, Gallant argued he had made "timely admission of the relevant conduct underlying his conviction." This is not quite the same as saying he had timely notified the prosecutor of his intent to plead guilty under U.S.S.G. § 3E1.1(b)(2). Cf. United States v. Hines, 196 F.3d 270, 273 (1st Cir. 1999) (absent unusual circumstances or an agreement stating otherwise, defendant who communicates intent to plead guilty does not normally qualify for one-level reduction under U.S.S.G. § 3E1.1(b)(2) unless he intends to plead unconditionally to all counts of the indictment). But there was no real dispute on the point. In this sense Gallant replied to the PSR Addendum.

That was the posture in which the parties entered the sentencing hearing, and which they articulated at the hearing. The government continued to press its position that Gallant should receive no reduction for acceptance of responsibility. Its basis was that Gallant had not assisted the government: he had not disclosed all trust assets (he claimed a boat allegedly owned by one of the trusts had been sold to another party) and he had been unwilling to sell immediately the condominiums not occupied by himself or his sons to meet his restitution obligation. Nonetheless, the government raised the issue of a third-level reduction. The government's position at sentencing was that the defendant "may well have satisfied the timeliness and the timely plea, which you need for the third point, but he hasn't satisfied what he needs to do for the first two points." Gallant responded that he had satisfied the conditions necessary for the first two points. He added that he was willing to make restitution, but did not think his assets should all be liquidated immediately.

The court stated that Gallant's assets were ill-gotten and should be liquidated immediately, so that restitution could be made promptly, rather than being drawn out through the probation period. Concerned by Gallant's temporizing about restitution, the court said:

> I'm puzzled . . . about whether it's appropriate for me to give somebody the benefit of acceptance of responsibility when there isn't an acknowledgment that there is any immediate obligation to return or pay back

or reimburse monies which were wrongfully obtained and that's the struggle that I'm having.

At the end of the hearing the court then solved its puzzling dilemma with a compromise: the court granted two levels for acceptance of responsibility but denied a third. The court explained:

> As far as the three-level reduction goes, I think it is somewhat artificial but I think that a two point, not a three point, reduction is appropriate. I think the level 16 offense level is where this case should be.
> I recognize in doing that I'm acknowledging the somewhat unusual facts of this case, but I do not think that the defendant has made the sort of recognition of fault and the intent to correct that fault which is within his power that would justify the full three-level reduction.
> I have considered and frankly come close to the decision of not allowing any reduction whatsoever for acceptance of responsibility. But I have in mind that the defendant did offer his pleas of guilty, did save the government the necessity of going to trial with this case and is entitled to some benefit for having done that, even though what I would call the moral aspect of acceptance of responsibility seems to me to be lacking to some degree here.

Then the court promptly moved on to the next sentencing issue without entertaining any objections to its ruling. Neither party interrupted the court to ask it to revisit its denial of the third point on the grounds that, by its decision to give Gallant two points, the court had inherently determined that Gallant must receive three points. It is this "if two levels, then necessarily three levels" rationale which Gallant argues on appeal.

The court also ordered Gallant to pay a $50,000 fine and to make restitution in the amounts of $29,130 to HUD, $102,021 to

Medicaid, and $162,000 to the Social Security Administration. The court ordered the restitution payable "immediately or according to a court-ordered repayment schedule." Along with the standard conditions of supervised release, the court ordered, as a special condition, that the condominium units be surrendered to the government and sold for cash during the period of supervised release. The court ordered Gallant to pay the balance of the restitution according to a court-ordered repayment schedule, and stated:

> [T]he defendant will execute all necessary papers permitting the timely sale of properties that are owned by him either directly or through others to permit restitution.
>
> The execution of these papers will include execution of any papers necessary to transfer the sailboat referred to in the pre-sentence report to the government for sale as part of the restitution.
>
> The defendant takes the position that the sailboat no longer belongs to him, but to the extent it's necessary for him to execute any documents to assist the government in obtaining that sailboat if it is available, he will do so.

The court also found that the properties held in the three trusts (the Macantosh Realty Trust, the Serenity Equity Trust, and the Serenity Equity Trust II) all belonged to the defendant, so the government was free to place liens on the properties.

II.

<u>Acceptance of Responsibility Reductions</u>

A district court lacks discretion to deny the additional one-level reduction if the defendant is found to have accepted responsibility under U.S.S.G. § 3E1.1(a) and has complied with the conditions specified in U.S.S.G. § 3E1.1(b)(2). <u>United States</u> v. <u>Marroquin</u>, 136 F.3d 220, 223 (1st Cir. 1998). The government concedes it was error not to give a three-level reduction, because the court found Gallant was entitled to a two-level reduction and he had satisfied the criteria for the third level. The government, however, argues that Gallant has forfeited the issue by failing to raise it in the trial court. As a result, the government contends, this court should apply a plain error test, and Gallant does not meet the test.[4]

The defendant argues he did not forfeit the issue. In the alternative, he says, his substantial rights were affected

---

[4]In <u>United States</u> v. <u>Olano</u>, 507 U.S. 725 (1993), and <u>Johnson</u> v. <u>United States</u>, 520 U.S. 461 (1997), the Supreme Court set forth a now-familiar four-step analysis to determine whether a mistake constitutes plain error under Fed. R. Crim. P. 52(b). "[T]here must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Johnson</u>, 520 U.S. at 467 (internal quotations omitted); <u>see</u> <u>Olano</u>, 507 U.S. at 732. <u>See generally</u> <u>United States</u> v. <u>Gandia-Maysonet</u>, 227 F.3d 1, 5 (1st Cir. 2000) (contrasting the harmless error test, which prevails when an issue has been preserved for appeal, with the plain error test, which applies when an issue has been forfeited).

because he was given a total offense level of 16, with a GSR of 21 to 27 months imprisonment.  The 24-month sentence he received was within the GSR of 18 to 24 months that would have applied if the court had granted the additional one-level reduction.  We do not consider this alternative "plain error" argument because Gallant did not forfeit his objection.

The issue of when a forfeiture of an objection occurs comes up in many different contexts.  The issue is bounded on both ends by clear and firm rules in particular settings.  If a defendant, for example, fails to timely object to a question put to a witness, then he has forfeited his evidentiary objection.  If he objects and states the nature of his evidentiary objection, he has preserved it.  Between these clear poles, the matter of what constitutes forfeiture is more one of degree and judgment by the appellate court.

The nature of the issue on review influences the outcome of the forfeiture analysis.  For example, this circuit is notably rigorous in requiring a party unhappy with a trial court's jury instruction to promptly state the precise objection after the instruction has been given. See Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 944 (1st Cir. 1995) (a party must not only identify the error in the jury instruction but also explain how the judge can correct it); Cyr v. B. Offen & Co., 501 F.2d 1145, 1155 (1st Cir. 1974) (quoting Palmer v. Hoffman, 318 U.S. 109, 119 (1943))

(objection to the jury instruction "must be sufficiently specific to bring into focus the precise nature of the alleged error"). The requirement for a post-instruction objection is set forth in the federal rules, Fed. R. Crim. P. 30, and counsel are on clear notice of the requirement. Counsel must make the post-instruction objection even if she has objected earlier. This rule gives the trial court an opportunity to rectify any error in the instruction before the jury begins to deliberate. See Golden v. United States, 318 F.2d 357, 360 (1st Cir. 1963).

There is no such equivalent requirement for counsel to make an objection after an evidentiary ruling when an earlier timely objection was made. Nor is there a requirement that an objection be made before the grounds for the objection reasonably should have been known to the objector: the defense is "not required to anticipate the government's line of questioning in order for an objection to be timely." U.S. v. Meserve, 271 F.3d 314, 323 (1st Cir. 2001). Indeed, under Fed. R. Evid. 103(a)(1) a party may oppose the admission of testimony through either a timely objection or a motion to strike. The operative principle is that the objection need not be made before the grounds are reasonably known.

Our case concerns neither jury instructions nor evidentiary issues. It concerns sentencing and whether the continued insistence of Gallant's counsel that Gallant was entitled

-12-

to a three-level reduction was sufficient, although Gallant's counsel did not present the precise argument made here. Context is important. This is not a situation in which the government took the position contrary to defendant on the precise argument and the defendant failed to protest. To the contrary, the government said that if Gallant was entitled to the two-level reduction, most likely he was entitled to a third level. Gallant obviously would not object to this part of the government's position. Nothing in the government's position at any time put defendant on notice that he might receive two levels but not three. Although the Addendum to the PSR may be thought to have provided some notice, neither party adopted its legal conclusions and both argued implicitly against them.[5] Further, Gallant consistently had said he was entitled to a three-level reduction. Gallant had no real reason to think this was at issue until after the court ruled. We generally do not require objections to be made to hypothetical outcomes which neither party anticipated.

To support its forfeiture argument, the government relies heavily on United States v. Keppler, 2 F.3d 21 (2nd Cir. 1993).

---

[5]The district judge may rely on factual assertions in a PSR that are not rebutted by the defendant, United States v. Torres-Otero, 232 F.3d 24, 32-33 (1st Cir. 2000), but we would be reluctant to permit such reliance on legal conclusions, particularly ones that neither party endorses. Fed. R. Crim. P. 32(b)(6)(D) provides only that the district court may, absent objection, adopt the findings of fact in the PSR, as did occur here.

That case is easily distinguished. Far from conveying that the sentencing reduction for acceptance of responsibility was an all-or-nothing proposition, the government there argued at the sentencing hearing that the court should deny "all or part" of the three-level reduction. Id. at 22-23 (emphasis added). Moreover, when the court granted a two- but not a three-level reduction, the court specifically asked for objections and defense counsel had none.[6] Id. at 23.

The government also points to our case law saying that a defendant cannot present one legal argument at the trial court and another on appeal. See United States v. Lilly, 13 F.3d 15, 17-18 (1st Cir. 1994). That is quite so, but even that doctrine has its limits. The doctrine has not been applied where the defendant could not reasonably have anticipated the issue would arise until after the court had ruled in a way contrary to both parties' positions.

The government's argument that Gallant forfeited the issue then depends on the premise that a criminal defendant must state objections to the imposition of a particular sentence after the sentence has been announced by the court -- even when the ruling has not been advocated by any of the parties and the court does not invite further arguments. Here, both parties had together

---

[6]It is also unclear whether defendant in that case requested a three-point reduction prior to or during the sentencing hearing. See Keppler, 2 F.3d at 22-23.

-14-

argued a position before sentencing which would, if followed, have obviated the error.

The government's argument that a post-sentence objection is required is not implausible. If defense counsel had been quick enough after the ruling to object, even absent any invitation from the court, this problem might have been avoided.[7] Considerations of judicial economy may be thought to support a requirement of objection after a sentence is given, even to unanticipated issues. But judicial economy works two ways. There is also a need for finality and few trial judges would warm to a rule which requires continued argument after the court gives its sentence. Further, unlike other areas, there is no Federal Rule of Criminal Procedure giving advance notice to counsel of a requirement to make post-sentence objections. Indeed, Fed. R. Crim. P. 32(c)(3) provides that the court entertain argument from both defendant's counsel and the government "before imposing sentence." There is also the interest, expressed in other contexts, of avoiding judicial proceedings conducted through surprise, sometimes called "trial by ambush." Lawyers should have fair notice and an opportunity to prepare.[8] On balance, given the facts here, we think it simply

---

[7]Counsel could also have sought a correction of the sentence under Fed. R. Crim. P. 35(c).

[8]Burns v. United States, 501 U.S. 129 (1991), and its First Circuit progeny affirm the crucial importance of providing notice of otherwise unexpected sentencing rulings. Burns states, "Congress did not intend district courts to depart from the

-15-

would be unfair and unwise as a matter of policy to hold that Gallant forfeited the argument. Accordingly, we will remand to the district court for resentencing in light of the error.

To its credit, the government has simplified matters by agreeing that there would be no claim by it on remand that the defendant is not entitled to any credit or acceptance of responsibility. See generally United States v. Ticchiarelli, 171 F.3d 24, 29-30 (1st Cir. 1999). The district court is free on remand to determine where within the applicable GSR the defendant should be resentenced. It is not a foregone conclusion that on remand the appropriate sentence will be 21 months rather than 24 months.

Restitution

Gallant also challenges the order requiring, as a special condition of supervised release, that he sell such of his assets as necessary to permit restitution. Gallant argues that this was effectively an asset forfeiture and that the government complied with none of the procedures for obtaining a forfeiture order. See

---

[Sentencing] Guidelines sua sponte without first affording notice to the parties." Id. at 136. United States v. Walker, 234 F.3d 780 (1st Cir. 2000), reconciles Burns and a case distinguishing Burns, United States v. Canada, 960 F.2d 263 (1st Cir. 1992), by observing that "[b]oth are premised on defendant's having adequate notice of the facts and the law." Walker, 234 F.3d at 786. Indeed, First Circuit cases limiting Burns consistently involve fact patterns where the defendant had constructive notice. See United States v. Sharpton, 252 F.3d 536, 543 & n.8 (1st Cir. 2001); United States v. Brown, 235 F.3d 2, 4-5 (1st Cir. 2000); Canada, 960 F.2d at 266-67 & n.4.

Fed. R. Crim. P. 7(c)(2), 32.2(a); see also United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001).

This argument mischaracterizes the order. The order merely effectuates the court's power to order restitution under 18 U.S.C. §§ 3663-3664 and U.S.S.G. § 5D1.3(a)(6). It is true that Gallant's assets are to be surrendered to the government and sold for cash. The government here wears two hats. Several agencies of the government were defrauded by Gallant and are entitled to restitution. Another branch of government, the prosecution, has been authorized to sell the assets in order to make that restitution. This is not a case of asset forfeiture at all and the order was well within the district court's discretion over conditions of supervised release. See United States v. Phaneuf, 91 F.3d 255, 262-63 (1st Cir. 1996). We bypass the government's contention that this argument was not preserved either, and affirm the restitution order on the merits.

For the reasons stated above, we remand for resentencing proceedings consistent with this opinion. So ordered.