# United States Court of Appeals
## For the First Circuit

---

No. 03-1178

UNITED STATES,

Appellee,

v.

BERNARD LEWANDOWSKI,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lynch, Circuit Judges.

---

William S. Smith on Anders brief for appellant.

---

June 23, 2004

---

**Per Curiam**. In this direct criminal appeal, counsel for the appellant filed a motion to withdraw and a brief under Anders v. California, 386 U.S. 738 (1967). We grant the motion to withdraw and affirm appellant's conviction and sentence as provided herein. We publish our opinion in order to ensure the uniform disposition of other pending criminal appeals raising substantially the same issue as this case.[1]

Appellant Bernard Lewandowski pled guilty to being a felon in possession of a firearm and was sentenced as an armed career criminal. The district court imposed a prison term followed by a term of supervised release. The court also imposed a special condition of release requiring Lewandowski to participate in a drug treatment program with periodic drug testing. As the record indicates, Lewandowski is a long-time heroin addict who acknowledges that he needs treatment if he is to abstain from future criminal activity.

In reviewing the record in this case, we found a potentially troublesome boilerplate condition of supervised release in the judgment form used by the district court (AO 245B, Rev. 9/00). The condition requires appellant to "submit to one drug test within 15 days of release from imprisonment and at least two

---

[1]Prior to issuing this opinion, we gave the parties an opportunity to comment on our approach. Counsel for the appellant elected not to respond, and the government advised us that it had no objection.

periodic tests thereafter."[2]  Thus, by using this judgment form, the district court arguably specified only the <u>minimum</u> number of drug tests -- three -- that Lewandowski was required to undergo while on supervised release.  As we recently held, however, 18 U.S.C. § 3583(d) "requires courts to determine the <u>maximum</u> number of drug tests to be performed beyond the statutory minimum of three."  <u>United States</u> v. <u>Melendez-Santana</u>, 353 F.3d 93, 106 (1st Cir. 2003) (emphasis supplied).  In that case, we invalidated a supervised release condition explicitly delegating that determination to the probation officer.  Here, there was no such explicit delegation, and we do not believe that any such delegation was intended.  But the court's order did not definitively declare <u>who</u> was to determine the maximum number of drug tests, and, inasmuch as the probation officer has the responsibility for monitoring the defendant while on supervised release, counsel conceivably could argue that there was an implicit delegation to the probation officer.

There is no need to ask counsel for an advocate's brief, however, as we may construe the supervised release condition to avoid any delegation problem.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Schave</u>, 186 F.3d 839, 843-44 (7th Cir. 1999) (adopting limiting

---

[2]We view this condition, which was mandated by 18 U.S.C. § 3583(d), as separate from the special condition of supervised release that required appellant to attend a treatment program that included drug testing.

construction of supervised release condition to avoid constitutional problems). We construe the condition to cap the number of drug tests at three, i.e., to state both the maximum and minimum number of tests. In effect, we read the words "at least" out of the condition as imposed, so that it requires only three drug tests during the supervised release term. Our interpretation does not affect the number of drug tests that may be ordered in consequence of the treatment program that Lewandowski must attend while on supervised release. See supra note 2.

As this opinion indicates, district judges using the boilerplate form at issue here who wish to require more than the statutory minimum of three drug tests must make that clear at sentencing. They must either state the maximum number of tests or describe a suitable range. See Melendez-Santana, 353 F.3d at 103. In addition, probation officers who monitor supervisees subject to the drug testing condition we consider here may not require more than the minimum three tests without obtaining a modification of the condition under 18 U.S.C. § 3583(e).

Apart from the delegation issue, we have found no other non-frivolous issue in our review of the record. Accordingly, counsel may withdraw. See Anders, 386 U.S. at 744 (indicating that court of appeals may allow counsel to withdraw if the appeal is "wholly frivolous").

We grant counsel's motion to withdraw and affirm appellant's conviction. We affirm appellant's sentence as construed herein. The appeal is terminated.