# United States Court of Appeals
## For the First Circuit

No. 01-2335

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN M. MOJICA-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Circuit Judge,
Gibson, John R.,[*] Senior Circuit Judge,
and Lipez, Circuit Judge.

Alan D. Campbell, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom
H.S. García, United States Attorney, and Nelson Pérez-Sosa, Senior
Appellate Assistant United States Attorney, were on brief, for
appellee.

January 12, 2006

---

[*]  Of the Eighth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  Defendant-appellant Juan Miguel Mojica-Rivera ("Mojica") was convicted by a jury for his involvement in a bank robbery and car-jacking.  He now appeals, arguing that the district court erred in denying his motion for a new trial and that he should be re-sentenced.  We affirm.

## I.  Background[1]

On February 21, 1996, a federal grand jury issued a six-count indictment charging Mojica with one count of bank robbery and incidental crimes resulting in death, in violation of 18 U.S.C. §§ 2, 2113(a), (d), & (e) ("Count One"); two counts of aiding and abetting in the use of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)-(2) ("Count Two" and "Count Four"); one count of armed car-jacking resulting in death, in violation of 18 U.S.C. §§ 2, 2119(3) ("Count Three"); one count of being a fugitive in possession of a firearm, in violation of 18 U.S.C. §§ 2, 922(g), 924(a)(2) ("Count Five"); and one count of aiding and abetting in the possession of a semi-automatic assault weapon, in violation of 18 U.S.C. §§ 2, 922(v)(1), 924(a)(1)(B) ("Count Six").

On June 6, 1997, Mojica was convicted of all counts following a five-day jury trial in the United States District Court for the District of Puerto Rico.  Between December 3, 1997 and

---

[1]  The facts underlying Mojica's conviction are not necessary to our disposition of this case.  We therefore do not recount them here.

June 13, 2000, Mojica was appointed five different attorneys by the district court; Mojica requested the withdrawal or substitution of three of his attorneys.

On August 4, 2000, Mojica filed a pro se motion for a new trial.[2]  He argued that he should be granted a new trial on the grounds of juror bias, ineffective assistance of counsel, and that one of the government's witnesses, Luis Nevárez-Marrero ("Nevárez"), had made statements to FBI agents in January 1996 and given testimony to the grand jury that would have affected his credibility at trial.  On November 8, 2000, Mojica's counsel filed a supplemental motion with attachments to support his request.  In this supplement, Mojica repeated the claims from his pro se motion and also argued that he had new impeachment evidence against Nevárez.  That same day, the district court denied Mojica's motion.[3]  The district court found that Mojica's motion was not based on newly discovered evidence and noted that, under Federal Rule of Criminal Procedure 33 ("Rule 33"), "[a] motion for a new trial based on any . . . grounds [other than newly discovered evidence] may be made only within 7 days after the verdict or

---

[2]  Due to various delays resulting from motions filed by Mojica and his co-defendants, including the requests for new counsel, Mojica had not yet been sentenced at the time he filed his pro se motion for a new trial.

[3]  The docket report indicates that Mojica's supplement was not entered until the day after the district court's decision denying the motion.

finding of guilty or within such further time as the court may fix during the 7-day period." Fed. R. Crim. P. 33 (2000). Because almost thirty-eight months had passed between the time that Mojica was convicted and the time he filed his pro se motion, the district court found that the motion was time-barred.

The following day, the district court granted Mojica's counsel fifteen days to file a supplementary motion for a new trial because of the fact that Mojica had not been represented by counsel at all times after his trial due to the numerous substitutions of counsel. On December 21, 2000, Mojica filed a motion for reconsideration of the denial of the motion for a new trial in compliance with the district court's order. In this motion, Mojica argued that he had been without counsel for a period of time after his conviction[4] and reiterated that the grounds in his earlier motions were sufficient for a new trial. The district court denied the motion on January 19, 2001. The district court found that the motion was time-barred and also stated that Mojica had "failed to show that newly discovered evidence warrants a new trial."

On August 23, 2001, Mojica was sentenced to life imprisonment on Counts One and Three, and to lesser sentences on the other counts. He was also sentenced to various supervised release terms. As part of the supervised release, the district

---

[4] Mojica has not made any argument to us based on his alleged lack of representation.

-4-

court's judgment required that Mojica "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter." Mojica appealed on August 23, 2001, and again on August 28, 2001.

## II. **Analysis**

### A. **Motion for a New Trial**

Mojica argues that the district court erred in denying as untimely his motion for a new trial. We review a denial of a motion for a new trial for manifest abuse of discretion. United States v. Colón-Muñoz, 318 F.3d 348, 357 (1st Cir. 2003). "However, the contention that the district court applied an incorrect legal standard in denying the motion is reviewed de novo." Id. at 357-58.

Mojica argues that the district court erred because it applied the incorrect version of Rule 33, which was amended in 1998. Prior to the amendment, Rule 33 stated that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment" (emphasis added) (1997). Courts of appeals construed "final judgment" to mean the final actions of the courts of appeals. See Colón-Muñoz, 318 F.3d at 356 n.2. According to Mojica, because he had not yet appealed when he filed his motion for a new trial, under the old version of Rule 33 his motion would have been timely.

-5-

Under the amended version of Rule 33, "[a] motion for new trial based on newly discovered evidence may be made only within three years <u>after the verdict or finding of guilty</u>" (emphasis added) (2000). Mojica was found guilty on June 6, 1997 but did not file his motion for a new trial until August 4, 2000, more than three years later. Thus, under the amended version of Rule 33, his motion for a new trial was time-barred. However, the order accompanying the amendment to Rule 33 stated that the amendment "shall take effect on December 1, 1998 and shall govern all proceedings in criminal cases thereafter commenced and, <u>in so far as just and practicable</u>, all proceedings in criminal cases then pending." Order of the United States Supreme Court Adopting and Amending the Federal Rules of Criminal Procedure, 523 U.S. 1229 (1998) (emphasis added). Mojica's argument is that it was not "just and practicable" for the district court to use the amended version of Rule 33.

Mojica based his motion for a new trial on the following: (1) juror bias; (2) ineffective assistance of counsel; (3) that Nevárez gave certain statements to an FBI agent in January 1996 and testimony to the grand jury that affected his credibility; and (4) that Nevárez gave false testimony in a sworn statement to a local prosecutor and at a commonwealth criminal trial, both of which were subsequent and unrelated to Mojica's convictions. We deal with each argument in turn.

Mojica's argument for juror bias is based on the fact that three jurors stated that they were victims of crimes of violence. As the government notes, Mojica and his counsel were present during juror selection when three jurors disclosed these facts. We have stated that facts supporting a potential claim for juror bias that were known by a defendant during jury impanelment cannot constitute "newly discovered" evidence. See United States v. Desir, 273 F.3d 39, 43 (1st Cir. 2001). Mojica faces the same problem regarding ineffective assistance of counsel, as the facts giving rise to the alleged ineffective assistance were available at trial and thus do not constitute newly discovered evidence. See United States v. Osorio-Peña, 247 F.3d 14, 19 (1st Cir. 2001). As to Mojica's third argument, these statements were known to Mojica before trial and some of them were used by Mojica to impeach the government's witness. All three of these claims were thus subject to the seven-day limitations period in Rule 33, and Mojica's motion was over three years late.

Mojica's final argument is that Nevárez gave false testimony to a local prosecutor in a sworn statement made on January 16, 1998 in an unrelated commonwealth criminal case. Nevárez also gave false testimony in 1999 during an unrelated commonwealth criminal trial. Mojica argued in his motion that the evidence demonstrated a "pattern of lies and misleading information" on the part of Nevárez, showed that the government

"relied in [sic] a dishonest and biased liar witness," and thus warranted a new trial. Because the alleged false testimony occurred after Mojica was tried and convicted, it was not known or available to Mojica at the time of his trial. Nevertheless, the district court did not err in denying Mojica's motion for a new trial based on this alleged new evidence.

In its January 19, 2001 order, the district court cited to the amended version of Rule 33 and emphasized the portion stating that a motion for a new trial based on newly discovered evidence must be filed within three years after the guilty verdict. Mojica argues that the district court erred in using the amended version of Rule 33. As we noted above, the order accompanying the amendment stated that it would take effect on December 1, 1998 and would apply to all criminal cases then pending "so far as just and practicable." Mojica's case was pending at the time that the amended version of Rule 33 took effect; thus, the issue is whether it was "just and practicable" for the district court to use the amended version.

We have not yet addressed the issue of when applying the amended version of Rule 33 is just and practicable. However, other courts of appeals to reach the issue have upheld the application of the amended version where a defendant has had time after the amended rule went into effect in which to file a motion for a new trial. See United States v. Ristovski, 312 F.3d 206, 212 (6th Cir.

2002) (application of the amended version of Rule 33 was just and practicable where the defendant had nineteen months from the date the amendment came into effect in which to file a motion for a new trial); United States v. Correa, 362 F.3d 1306, 1309 (11th Cir. 2004). Compare United States v. Bowler, 252 F.3d 741, 746 (5th Cir. 2001) (application of the amended version of Rule 33 was not just and practicable where, under the amended version, the defendant would have been required to file his motion for a new trial almost five months before the amended version took effect). Mojica was convicted on June 6, 1997. After the amendment to Rule 33 took effect on December 1, 1998, Mojica had until June 6, 2000 -- more than eighteen months -- to file a motion for a new trial based on newly discovered evidence. Like the defendant in Ristovski, Mojica had ample time to bring his motion for a new trial, and we therefore find that application of the amended version of Rule 33 was just and practicable. The district court did not err in finding that Mojica's motion was time-barred.[5]

---

[5] Even if we were to find that the district court erred in applying the amended version of Rule 33, we would still affirm its decision because the district court correctly determined that Mojica had "failed to show that [the] newly discovered evidence warrants a new trial." The only new evidence that Mojica offered was Nevárez's alleged false testimony in unrelated cases subsequent to Mojica's trial and conviction. The government correctly notes that this is "impeachment evidence cumulative on the issue of the cooperating witnesses' credibility." Brief of Appellee at 32; see Colón-Muñoz, 318 F.3d at 358 (stating that new evidence must, inter alia, be "not merely cumulative or impeaching") (quoting United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980)). Further, after reviewing the record, we have no doubt that the government's

## B. **Booker**

Mojica's second argument is that he should be re-sentenced pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Mojica concedes that he did not preserve a Booker claim, and our review is thus for plain error. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). The first two prongs of this test -- that there is an error and the error was plain -- are met whenever a district court treats the Sentencing Guidelines as mandatory. Id. at 77. To satisfy the other two prongs -- that the error affected substantial rights and seriously impaired the fairness, integrity, or public reputation of the judicial proceedings -- Mojica must show that there is a reasonable probability that he would receive a more favorable sentence under advisory Guidelines. Id. at 75.

At sentencing, Mojica was assigned a total offense level ("TOL") of 43 as to Counts I and III and a criminal history category ("CHC") of VI. Under the Guidelines, a TOL of 43 mandates a life sentence regardless of a defendant's CHC. As a result, Mojica was sentenced to life imprisonment as to Counts I and III, and to lesser terms of imprisonment on the other counts. The

---

case against Mojica was so strong that even if the jury discredited Nevárez's testimony, it still would have convicted Mojica. The district court thus correctly found that the new evidence would not warrant a new trial.

-10-

district court said nothing to indicate whether it felt that the sentence was just or fair.

Mojica argues that, because the Guidelines mandated a life sentence due to his TOL, the district court had a "complete lack of discretion to pick a sentence from [a] calculated range, [and] the sentence actually imposed reveals nothing of the District Court's thoughts as to the appropriate sentence." Brief for Appellant at 19-20. Since the district court effectively had no discretion regarding how long to sentence Mojica under the Guidelines, Mojica argues we should consider its silence as to the justness of the sentence as a factor in favor of a remand and should treat his situation in the same manner as we would treat a defendant who had been sentenced at the low end of a Guidelines range. Mojica also argues that, under an advisory Guidelines regime, the district court could consider certain factors that it was unable to consider when the Guidelines were mandatory. These factors include certain details about Mojica's family and medical history.

Having reviewed the record, especially the sentencing transcript, we believe that Mojica has failed to show that there is a reasonable probability that the district court would give him a more favorable sentence on a remand. First, the district court gave no indication at sentencing that it thought that the sentence was in any way unfair or unjust. See Antonakopoulos, 399 F.3d at

81 (stating that there "is a powerful argument for remand" when a district court has expressed its belief that a Guidelines sentence is unfair or unjust). Second, the evidence regarding Mojica's family and medical history was before the district court at the time of sentencing. "We ordinarily have refused to order post-Booker remands where -- as here -- the district court had before it all the evidence material to [medical and family history], yet demonstrated no inclination to consider them grounds for departure." United States v. Morrisette, --- F.3d ---, 2005 WL 3062003, at *5 (1st Cir. Nov. 16, 2005). Finally, we note the seriousness of Mojica's crimes and his CHC of VI, which is the highest possible CHC under the Guidelines (and which the district court did not even take into account since the TOL of 43 mandated a life sentence). We think it highly unlikely that, given his CHC and the seriousness of the crimes for which he was convicted, the district court would sentence Mojica more leniently on remand. We need go no further. Because Mojica has failed to show a reasonable probability that he would receive a more lenient sentence on remand, we affirm the district court's sentence.

## C. Improper Delegation

At sentencing, the district court imposed a five-year term of supervised release as to Counts I and III, and a three-year term of supervised release as to Counts II, IV, V, and VI, all to be served concurrently. It then stated that "[t]he terms and

-12-

conditions thereof shall be set forth in the [written] judgment." The district court's written judgment stated that, as a condition for supervised release, Mojica "shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter." In his brief, Mojica argued that, under United States v. Meléndez-Santana, 353 F.3d 93 (1st Cir. 2003), the district court improperly delegated its authority to the probation officer regarding the number of drug tests Mojica must undergo during supervised release. In Meléndez-Santana, we invalidated a judgment that explicitly delegated to the probation officer the determination of the number of drug tests a defendant must undergo while on supervised release. 353 F.3d at 106 (requiring "courts to determine the maximum number of tests to be performed beyond the statutory minimum of three"); see also 18 U.S.C. § 3583(d).

However, during oral argument, Mojica stated that his delegation argument was foreclosed by an en banc decision of this Court in United States v. Padilla, 415 F.3d 211 (1st Cir. 2005). In Padilla, we overruled Meléndez-Santana to the extent that Meléndez-Santana found that such improper delegation rose to the level of plain error. However, Mojica's case likely does not involve plain error review, meaning that Padilla would not apply. This is because Mojica never had an opportunity to object to the wording of the drug testing condition, as the drug testing

-13-

condition was not included in the district court's oral judgment. Padilla, 415 F.3d at 218 (holding that abuse of discretion review is appropriate where defendant has not had opportunity to object to sentence).  In Brown v. United States, 235 F.3d 2, 3 (1st Cir. 2000), we stated that "[t]ypically, the court of appeals reviews a district court's imposition of a special condition of . . . supervised release for abuse of discretion" unless "the sentencing court affords the defendant an opportunity to object to the condition but the defendant holds his tongue," in which case review is for plain error.  In both Padilla and Meléndez-Santana, the district court had included the supervised release condition in the oral sentence and given the defendants an opportunity to object. By contrast, in Mojica's case the district court merely stated that Mojica would be placed on supervised release, with the terms and conditions to be set forth in the written judgment.  As Mojica had no opportunity to object to the conditions of supervised release, our review is for abuse of discretion.

In United States v. Lewandowski, 372 F.3d 470, 471 (1st Cir. 2004), a district court used language identical to the language used by the district court in the instant case.  We stated that, although there was no explicit delegation to the probation officer

> the court's order did not definitively declare
> who was to determine the maximum number of
> drug tests, and, inasmuch as the probation
> officer has the responsibility for monitoring

-14-

> the defendant while on supervised release, counsel conceivably could argue that there was an implicit delegation to the probation officer.

Id. To solve the potential problem, we construed "the condition to cap the number of drug tests at three, i.e., to state both the maximum and minimum number of tests." Id. We apply the same practice to the instant case and thus find no delegation error. See United States v. De Los Santos, 420 F.3d 10, 16 (1st Cir. 2005) (applying Lewandowski procedure).

## III. Conclusion

For the foregoing reasons, Mojica's conviction and sentence are affirmed.

**Affirmed**.