**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1607

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division |
| *v.* | |
| | No. 07 CR 217-1 |
| PATRICK DEL MONICO, | |
| *Defendant-Appellant.* | John W. Darrah, |
| | *Judge.* |

**O R D E R**

Over the course of a dozen years, Patrick Del Monico stole heavy equipment and other assets from one employer, used phony invoices to cheat that employer and another out of more than $1.1 million, and tried to wring an additional $2.4 million from the United States government with fictitious equipment-rental agreements. Then in bankruptcy proceedings he tried to hide some of that ill-gotten gain from creditors with falsified bank statements, an alias, and other material omissions and misrepresentations. After he was charged with these offenses and released on bond, Del Monico defrauded yet another

victim of $2,000.  By agreement with the government he pleaded guilty to mail and wire fraud, 18 U.S.C. §§ 1341, 1343, and bankruptcy fraud, *id.* § 157, in exchange for dismissal of 16 other counts.  He was sentenced to a total of 96 months' imprisonment and 3 years' supervised release, and ordered to pay approximately $1.2 million in restitution.  Del Monico filed a notice of appeal, but his appointed appellate lawyers seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot identify any nonfrivolous argument to pursue.  Del Monico did not accept our invitation to respond to counsel's submission, *see* CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Del Monico has told counsel that he wants his guilty pleas set aside, so counsel first consider whether there is any nonfrivolous basis for challenging the pleas.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2005).  We agree with counsel, however, that the plea colloquy substantially complied with Federal Rule of Criminal Procedure 11.  *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003); *Schuh*, 289 F.3d at 975.  Counsel identify minor omissions in the colloquy but correctly explain that we would consider each harmless.  First, although the district court did not mention that Del Monico could stand on his earlier plea of not guilty, *see* FED. R. CRIM. P. 11(b)(1)(B), or that he could present evidence on his own behalf at trial, *see* FED. R. CRIM. P. 11(b)(1)(E), Del Monico already knew about these rights because both were addressed in the written plea agreement, *see United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).  Second, counsel observe that the district court did not advise Del Monico of his right to the assistance of counsel, *see* FED. R. CRIM. P. 11(b)(1)(D), but Del Monico could not have been prejudiced by this error because he was accompanied by counsel during the colloquy, *see United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988).

Counsel also question whether Del Monico could argue that the district court abused its discretion by refusing to let him withdraw his guilty pleas after he was diagnosed with anxiety and personality disorders.  Del Monico had argued that these conditions, together with a "preoccupation" with unspecified "injustices" perpetrated by his victims, might have somehow affected his decision to plead guilty.  But guilty pleas taken in substantial compliance with Rule 11 enjoy a presumption of verity.  *See United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010); *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1284 (2010).  Del Monico waited to file his motion until after he had seen the presentence investigation report, and nowhere in that motion does he explain how his newly discovered disorders undermined the voluntariness of his guilty pleas.  Indeed, the doctor who diagnosed Del Monico's disorders also concluded that he understood the criminal proceedings and was competent.  Thus, we agree with counsel that an appellate claim regarding the motion to withdraw his pleas would be frivolous.

Del Monico's lawyers then evaluate whether he could challenge his prison sentence as unreasonable. The 96-month overall term falls within the correctly calculated guidelines range of 87 to 108 months and is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel has found no basis to set aside that presumption, nor have we. At sentencing the district court addressed Del Monico's principal arguments for a below-guidelines sentence, *see United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009), including the asserted hardship on his family and his professed positive role in the lives of others. The court reasoned that other sentencing factors listed in 18 U.S.C. § 3553(a) outweighed those concerns and warranted a sentence near the middle of the guidelines range. The court emphasized Del Monico's longstanding history of fraud, his lack of respect for the law, and the need to deter him and others like him. As counsel correctly conclude, it would be frivolous to press a reasonableness claim.

Counsel also explore whether Del Monico could argue that the district court erred in not setting a precise number of drug tests that he must undergo while on supervised release. By statute the sentencing court must order a defendant to submit to a drug test upon release from imprisonment and then "at least 2 periodic drug tests thereafter (as determined by the court)." *See* 18 U.S.C. § 3583(d). The district court entered judgment on a standard form that requires Del Monico to be tested upon release and then submit to "at least two periodic drug tests thereafter, as determined by the court." *Cf. United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998) (invalidating language in prior version of form that improperly delegated to probation officer the decision as to number of drug tests). We have not yet addressed whether § 3583(d) requires the district court to set any number greater than three *at sentencing*—and thus whether there is a problem with the current version of the standard form—but two of our sister circuits have answered no. *See United States v. Garcia*, 522 F.3d 855, 861 (9th Cir. 2008); *United States v. Lewandowski*, 372 F.3d 470, 471 (1st Cir. 2004). In any event, at sentencing Del Monico did not raise an issue about the number of drug tests, and even if it was error not to designate a precise number up front, we would not conclude that there was *plain* error because the district court remains free to modify the conditions of supervised release. *See* 18 U.S.C. § 3583(e)(2); FED R. CRIM. P. 32.1(c); *United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007); *United States v. McKissic*, 428 F.3d 719, 726 (7th Cir. 2005). Thus, we agree with counsel that it would be frivolous to raise this challenge on appeal.

Finally, appellate counsel correctly point out that any challenge to the effectiveness of Del Monico's trial counsel is best left to a collateral proceeding where a more complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Del Monico's appeal.