**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1805

UNITED STATES OF AMERICA,
Appellee,

v.

ANTONIO MATEO,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Selya, Circuit Judge,

Hug,* Senior Circuit Judge,

and Howard, Circuit Judge.

Laura Maldonado Rodriguez for appellant.
Nelson Pérez-Sousa, Assistant United States Attorney, Senior
Appellate Attorney, United States Attorney's Office, with whom
H.S. Garcia, United States Attorney, was on brief, for appellee.

May 5, 2006

_____
*Of the Ninth Circuit, sitting by designation.

**Per Curiam**.    Antonio Mateo brings this appeal to challenge the sentence imposed on him after he pleaded guilty to being found within the United States without authorization following his removal or deportation as an alien convicted of an aggravated felony.  See 8 U.S.C. § 1326(b)(2).  Mateo says that the district court erred in sentencing him above the applicable guideline sentencing range without providing him with pre-hearing notice of the contemplated ground for that action.  Cf. Fed. R. Crim. P. 32(h) ("Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.  The notice must specify any ground on which the court is contemplating a departure.").  Mateo was sentenced after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), so he is implicitly asking us to hold that a sentence outside the applicable guidelines sentencing range either constitutes a "departure" for purposes of Rule 32(h) or should, at least, be subject to the same notice rule.

The issue is interesting, but we could not vacate Mateo's sentence, whether or not we agree with his reading of the Rule. Mateo did not object to the absence of notice before the district court, so our review is for plain error, see United States v. Mangone, 105 F.3d 29, 35 (1st Cir. 1997), unless Mateo was not

afforded a sufficient opportunity to present to the district court the argument which forms the basis of this appeal, see United States v. Cortes-Claudio, 312 F.3d 17, 24 (1st Cir. 2002); United States v. Gallant, 306 F.3d 1181, 1188-89 (1st Cir. 2002). Mateo cites to Cortes-Claudio, but he makes no developed argument that he was placed in a similar situation. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Moreover, Mateo did have an opportunity to discuss with the court the appropriateness of his sentence after its imposition. Under the circumstances, our review is for plain error pursuant to Fed. R. Crim. P. 52(b).

Under Rule 52(b), we are empowered to correct the alleged error only if it was "plain," which requires that the error be "clear under current law." United States v. Olano, 507 U.S. 725, 734 (1993). Here, no such claim can be made. Neither the Supreme Court nor this court has ruled on whether and to what extent the notice requirement of Rule 32(h) survives Booker, and the circuits that have discussed the issue have reached varying conclusions. Compare, e.g., United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005) (post-Booker, the Rule 32(h) notice requirement does not apply to a "variance" above the applicable guidelines sentencing range); United States v. Simmerer, No. 05-11144 (11th Cir. Nov. 16, 2005) (unpublished opinion) (post-Booker, failure to give prior notice under Rule 32(h) of a contemplated upward "variance" from the guidelines sentencing range is not plain

error), with, e.g., United States v. Davenport, __ F.3d __, 2006 WL 1044476, at *4 (4th Cir. April 21, 2006) (notice of intent to depart or vary from guidelines remains a critical part of sentencing); United States v. Dozier, __ F.3d __, 2006 WL 864877, at *2 (10th Cir. Apr. 5, 2006) ("Rule 32(h) survives Booker and requires a court to notify both parties of any intention to depart from the advisory sentencing guidelines as well as the basis for such a departure when the ground is not identified in the presentence report or in a party's prehearing submission"); United States v. Santos Monroy, 135 Fed. Appx. 190, 192-93 (10th Cir. 2005) (unpublished opinion) (post-Booker, a downward "departure" without notice of the contemplated ground of departure violates Rule 32(h)). If an error occurred here, it was not "plain" and therefore was not subject to correction under Rule 52(b).

**Affirmed**.