United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-51015

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                   versus

WILLIAM DUWAYNE DEAN, III,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, Waco
USDC No. 6:05-CR-45-1

_____

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

     William Duwayne Dean, III ("Dean") pled guilty to possession of more than five grams of cocaine base.  Based on his prior criminal history, the district court sentenced him to 120 months in prison and five years of supervised release.  Dean timely appealed the sentence.  Finding no error, we affirm.

                        I

     After Dean's guilty plea, the U.S. Probation Office assigned him a base offense level of 26 and deducted three points for acceptance of responsibility, to reach a total offense level of 23.

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dean's criminal history level was VI, rendering his Sentencing Guidelines range 92 to 115 months. At the sentencing hearing, the district court adopted the probation officer's recommendations, listened to Dean's counsel argue for a more lenient sentence, and then, "based on [Dean's] prior criminal history and criminal history score," imposed a term of 120 months. In its Statement of Reasons, the district court indicated it was imposing "a sentence outside the sentencing guideline system."

## II

The two issues Dean raises on appeal are (1) whether the district court erred in giving him a sentence longer than the guideline range and (2) whether the district court erred in not giving him notice it was considering doing so. Because Dean did not object below, we review each of these challenges for plain error. United States v. Jones, 444 F.3d 430, 436 (5th Cir. 2006). This means that Dean has the burden of showing an error, that is plain, and that affected his substantial rights. Id.

## A

To resolve Dean's first challenge, we must first determine whether the 120-month sentence is an upward departure within the Guidelines system or a non-Guidelines sentence. The parties appear to have assumed it to be the former but, as noted above, the court stated that the sentence is "outside the sentencing guidelines system." Even if this statement was not clear, however, when a district court does not clearly state whether it imposed a non-

2

Guidelines sentence or merely departed within the Guidelines, we assume that the district court imposed a non-Guidelines sentence. United States v. Smith, 440 F.3d 704, 708 n.3 (5th Cir. 2006); United States v. Armendariz, 451 F.3d 352, 358 n.5 (5th Cir. 2006). Therefore we analyze this as a non-Guidelines sentence.

After United States v. Booker,[2] we review non-Guidelines sentences for reasonableness. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). However, "the district court must more thoroughly articulate its reasons when it imposes a non-Guideline sentence." Smith, 440 F.3d at 707. Such "reasons should be fact-specific and consistent with the sentencing factors in [18 U.S.C. §] 3553(a)." Id. "The farther a sentence varies from the applicable Guidelines sentence, the more compelling the justification ... must be." Id. (citation omitted). The district court's reasons must enable this court "to determine whether, as a matter of substance, the factors in § 3553(a) support the sentence." Id.

In this case, the district court imposed the non-Guidelines sentence based on Dean's criminal history. Because a defendant's criminal history is one of the factors that a court may properly consider, Smith, 440 F.3d at 709, and especially in the light of the fact that the deviation was only five months, we have no

---

[2] 543 U.S. 220 (2005).

difficulty concluding that Dean's 120-month sentence was reasonable.

B

Dean also argues that he was prejudiced by a lack of notice and opportunity to respond to the sentence outside the Guidelines. He was first informed that the court was considering his unusually high number of criminal history points at the sentencing hearing, just a few seconds before the court imposed the 120-month sentence. This gave Dean practically no time to formulate arguments against the longer sentence. As noted, however, Dean did not object on this basis at the hearing itself. Thus our standard of review is plain error. Jones, 444 F.3d at 436.

To meet his burden under this standard, Dean must show an error that is plain (i.e., "clear under current law"[3]) and that affected his substantial rights. See id. When imposing a sentence that is an upward departure within the Guidelines, Federal Rule of Criminal Procedure 32(h) requires the district court to "give the parties reasonable notice."[4] FED. R. CRIM. P. 32(h). Four of our sister circuits have held that Rule 32(h) also applies to non-

_____

[3]United States v. Olano, 507 U.S. 725, 734 (1993).

[4]In its entirety, the rule states: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." This rule codifies the holding of Burns v. United States, 501 U.S. 129 (1991).

4

Guidelines sentences.[5] Three other circuits, however, have determined that Rule 32(h) does not apply in non-Guidelines sentencing circumstances,[6] while two others found that the law is unclear and therefore any error could not be "clear under current law." United States v. Mateo, 179 Fed. App'x. 64, 65 (1st Cir. May 5, 2006) (unpublished); see also United States v. Reddick, No. 05-11363, 2006 WL 1683461, *5 (11th Cir. June 20, 2006) (unpublished). The Eleventh and First Circuits have observed that given that there is "no binding or persuasive precedent to the contrary," Reddick at *5, the lack of notice is not error that is "clear under current law." Therefore we find no plain error as to Dean's 120-month non-Guidelines sentence. We need not (and do not) express an opinion on whether Rule 32(h) applies to non-Guidelines sentences.

## III

For the foregoing reasons, the non-Guidelines sentence imposed by the district court is

AFFIRMED.

---

[5]United States v. Anati, 457 F.3d 233, 234-37 (2d Cir. 2006); United States v. Evans-Martinez, 448 F.3d 1163, 1167 (9th Cir. 2006); United States v. Davenport, 445 F.3d 366, 371 (4th Cir. 2006); United States v. Dozier, 444 F.3d 1215, 1218 (10th Cir. 2006).

[6]See United States v. Vampire Nation, 451 F.3d 189, 197-98 (3d Cir. 2006); United States v. Walker, 447 F.3d 999, 1005-07 (7th Cir. 2006); United States v. Sitting Bear, 436 F.3d 929, 932 (8th Cir. 2006).

5