United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30589
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS B. GENTRY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50033-4
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nicholas B. Gentry appeals his sentence of 226 months of imprisonment for bank robbery. Gentry pleaded guilty to bank robbery and use of firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a), (d), and 924(c)(1)(A).

Gentry was originally sentenced to 226 months of imprisonment as to the bank robbery charge and a consecutive term of 120 months of imprisonment for the firearm charge -- in addition to supervised release, restitution, and special assessments. His sentence was vacated by the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after Gentry filed a 28 U.S.C. § 2255 motion based on ineffective assistance of counsel at sentencing. At resentencing, the district court imposed a non-guidelines sentence of 226 months of imprisonment for the bank robbery charge.

Gentry claims that the district court erred in unreasonably resentencing him to 226 months of imprisonment on the bank robbery conviction because the sentencing guidelines recommended a term of imprisonment of 168 to 210 months. Gentry also argues that the district court committed plain error in failing to notify Gentry under FED. R. CRIM. P. 32(h) that it was considering imposing a non-Guidelines sentence. Because Gentry did not object in the trial court, each of these claims is reviewed for plain error. See United States v. Jones, 444 F.3d 430, 436 (5th Cir.) (citing United States v. Olano, 507 U.S. 725, 731 (1993)), cert. denied, 126 S. Ct. 2958 (2006).

After United States v. Booker, 543 U.S. 220 (2005), this court reviews sentences for reasonableness. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). When imposing a non-guidelines sentence, the district court must more thoroughly articulate its reasons for the sentence than when it imposes a sentence within the Guidelines system. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Such "reasons should be fact-specific and consistent with the sentencing factors in [18 U.S.C. §] 3553(a)." Id. "The farther a sentence varies from the applicable Guideline sentence,

'the more compelling the justification based factors in section 3553(a)' must be." Id. (citation omitted).

In this case, the district court imposed the non-guidelines sentence on Gentry based on the seriousness of the offense, the danger that was inflicted on the community, the harm to a police officer injured during the crime, and to afford adequate deterrence to criminal conduct along with protecting the public from further crimes by the defendant. Because these are proper factors for the court to consider, Smith, 440 F.3d at 709, we conclude that Gentry's 226-month sentence on the bank robbery count was reasonable.

With respect to Gentry's argument that he was prejudiced by a lack of notice and opportunity to respond to the sentence outside the Guidelines, Gentry must show an error that is plain (i.e., "clear under current law," Olano, 507 U.S. at 734) and that affected his substantial rights. Given that the law at the time Gentry was sentenced was not clear as to whether notice (such as that described in FED. R. CRIM. P. 32(h)) was required for non-guideline sentences, Gentry cannot meet this burden. See United States v. Dean, No. 05-51015 (5th Cir. Oct. 23, 2006) (unpublished); United States v. Mateo, 179 F. App'x 64, 65 (1st Cir. 2006) (unpublished); United States v. Reddick, No. 05-11363, 2006 WL 1683461, at *5 (11th Cir. June 20, 2006).

AFFIRMED.