TORRUELLA, Circuit Judge,
Dissenting.
Carlos Sevilla-Oyola (“Sevilla”) was sentenced by the district court to 405 months *326 in prison. On appeal, he brings to our court’s attention numerous errors. The majority, finding several of these claims meritorious, has granted a most unusual form of “relief’ — life in prison. From that irrational result, I respectfully dissent.
I. The Comedy of Sentencing Errors
This tale of judicial woe begins at Sevil-la’s plea colloquy, which occurred on August 9, 2011. There, the sentencing judge informed Sevilla, correctly, that he faced a statutory maximum of eighty years for Count 1 of his indictment, conspiracy to possess narcotics with intent to distribute, pursuant to 21 U.S.C. § 841(a). The judge, however, failed to inform Sevilla of the statutory maximum for Count 2 of his indictment. Although a conviction for aiding and abetting in the use and carry of a firearm in relation to a drug-trafficking crime, pursuant to § 924(c)(1)(A), is punishable by a term of life in prison, the judge only informed Sevilla that Count 2 carried a term of “60 months mandatory.” Sevilla pleaded guilty to both counts.
Sentencing proved a confusing process, replete with mistakes and misstatements on the part of the sentencing judge. It began on January 25, 2011, when the sentencing judge orally pronounced Sevilla’s sentence. As recited, the sentence was as follows: “life imprisonment, and that will include of course the consecutive sentence that had to be imposed on the firearms, because it would be ridiculous to impose a life term plus five years. That doesn’t make any sense.”[27]
On January 26, the sentencing judge set this oral sentence down in writing. In apparent contrast to the prior day’s pronouncement, the written sentence imposed a term of 327 months on Count 1 and life imprisonment on Count 2. The judge explained that his oral pronunciation of the sentence had been a misstatement, requiring correction by way of apportionment.[28]
On February 1, 2012, Sevilla filed a motion, seeking a correction, reduction, or modification of his sentence. Before that motion was considered, however, the sentencing judge independently undertook to correct additional errors in Sevilla’s sentence. On February 8, 2012, the judge issued a written order. Therein, he stated that although he had “intended to enter an Order apportioning the sentence to 80 years on Count 1 (960 months),” he had mistakenly entered a sentence of 827 months.[29] In the same order, the judge acknowledged that Count 2 of the written sentence, subjecting Sevilla to life in prison, also “suffer[ed] from a defect”: when the judge conducted Sevilla’s plea colloquy he failed to mention that this count could carry a maximum term of life in prison. Undertaking to correct both of these mistakes, the judge entered a new sentence. This time, Sevilla was sentenced to 960 *327 months’ imprisonment on Count 1 and 60 months’ imprisonment on Count 2. The judge purported to act under Federal Rule of Criminal Procedure 35(a).
On February 22, 2012, Sevilla filed another motion, specifically noting the defective Rule 11 plea colloquy and seeking to withdraw his plea. A hearing on this motion was held the same day. At this hearing, Sevilla stated that he could seek to appeal the sentence rather than undergo additional corrections at the district-court level. The sentencing judge admitted that Sevilla could utilize appellate review, but attempted to dissuade him from doing so:
[COUNSEL]: ... [H]e could proceed to file a Notice of Appeal today, and that would be his right to proceed.
THE COURT: He could, and you are going to get with that where we are now, a remand for a — a remand to strike the plea and setting the matter again in the normal course of events. [COUNSEL]: All right. In light—
THE COURT: For new plea negotiations or for whatever, trial, as the case may be.
Eventually, the sentencing judge extended Sevilla’s right to appeal by thirty days. Sevilla agreed with this course of action, but stated that he intended to file a “protective Notice of Appeal,” so as to preserve his claims in case the court of appeals later determined the judge was, indeed, without power to resentence. With both Sevilla and the government in agreement that the plea colloquy was defective, the judge then issued an order “set[ting] aside the sentence imposed, as well as the plea colloquy that resulted in the Defendant’s entry of a plea of guilty.”
On February 28, 2012, the sentencing judge published an order that, among other things,[30] set forth a schedule for a supplemental plea colloquy. Sevilla filed another motion, asserting that the sentencing judge had no power to conduct a supplemental plea colloquy or enter additional modifications to his sentence, as Federal Rule of Criminal Procedure 35(a) was not an appropriate vehicle through which to correct Rule 11 errors.
On March 6, 2012, the sentencing judge responded, stating that the “Opinion and Order of February 28, 2012, should have made clear that Rule 35(a) and Rule 11 were not the exclusive reasons for setting aside the sentence, as defendant contends.” [31] The judge claimed to have acted, as well, under a grant of common-law authority established in a Supreme Court case from 1931. See United States v. Benz, 282 U.S. 304, 306-07, 51 S.Ct. 113, 75 L.Ed. 354 (1931).
On March 8, 2012, the judge conducted a supplemental plea colloquy. Sevilla objected, claiming that the initial deficiencies in his plea could only be corrected by conducting a completely new colloquy, not by simply undertaking to supplement the first. The district court disagreed, finding “no point in repeating” what had been said *328 seven months before, in August 2011. On March 13, 2012, the judge sentenced Sevil-la again. This time, he imposed a term of 345 months on Count 1 and sixty months on Count 2. Sevilla filed another notice of appeal, bringing his claims before our court.
II. The Rule 11 Error and Its Impact
Sorting through this procedural mess, the majority concludes, and I agree, that the court had no power under Rule 35(a) to impose either the second or the third sentence.[32] Reasoning that Sevilla did not properly challenge the Rule 11 plea colloquy error either before the district court or on appeal, however, the majority reinstates Sevilla’s first sentence. In so doing, it strikes down a prison term of slightly under thirty-four years and puts, in its place, a term of life-plus-327-months. I find that decision to be neither required by law nor supported by reason.
A. Appellate Waiver
The majority states that Sevilla “says little in his brief about the impact of Rule 11 errors in the initial colloquy.” I disagree. Sevilla’s brief quite plainly makes this argument:
Pursuant to this Court’s opinion in [United States v. Ortiz-García, 665 F.3d 279, 287-89 (1st Cir.2011),] the District Court’s failure to inform Sevilla-Oyola at the change of plea hearing that the maximum sentence for [count] two was life imprisonment instead of the 5 years mentioned mandates setting aside the final judgment entered on 1/26/12, where a life sentence was imposed in count two.... The Change of Plea transcript does not inform him of a maximum time of life imprisonment and [it] is by no means clear he would have plead[ed] guilty under those circumstances. The case should be remanded for resentenc-ing. (emphasis added)
This passage — appearing in the “argument” section of Sevilla’s brief — is also foreshadowed in his presentation of the facts. Therein, Sevilla states that the sentencing judge “failed to advise [Sevilla] that he faced a potential life sentence as to count two, informing him only [that] ‘y°u have a consecutive term of imprisonment of I think it’s five years on account of firearms.’ ”
It is true, of course, that arguments raised only in a perfunctory and undeveloped manner are deemed waived on appeal. United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990). Sevilla’s argument, however clearly falls outside the scope of our waiver doctrine. Compare United States v. Salimonu, 182 F.3d 63, 74 n. 10 (1st Cir.1999) (deeming waived a claim made “without argument or citation to case law”), with United States v. Dunbar, 553 F.3d 48, 63 n. 4 (1st Cir.2009) (finding that, even where a claim was not stated “artfully” it was not waived where the appellate brief identified relevant facts and cited relevant case law), and Holmes v. Spencer, 685 F.3d 51, 66 (1st Cir.2012) (holding waiver inappropriate where an appellant’s brief “reveals enough of the raw materials” underlying a claim so as to allow the court to have “no trouble reading” his argument).
Sevilla has identified a specific error. See Fed.R.Crim.P. 11(b)(1) (“[T]he court must inform the defendant of, and determine that the defendant understands ... any maximum possible penalty, including *329 imprisonment, fíne, and term of supervised release^]”). He has provided on-point case law. See Ortiz-García, 665 F.3d at 287-89. He has assessed the identified error under the appropriate doctrinal test. See United States v. Raineri, 42 F.3d 36, 41-42 (1st Cir.1994) (considering whether Rule 11 error influenced the defendant’s decision to plead guilty). In sum, his presentation — succinct though it may be — is in no way grounds for waiver. United States v. Sepúlveda-Contreras, 466 F.3d 166, 170 n. 4 (1st Cir.2006) (“This is not a situation where we are forced to piece together [the defendant’s] argument for him, and we therefore find no waiver.” (internal citation omitted)).
In fact, the majority admits that Sevilla identified “an error and a possible argument.” Nonetheless, omitting mention of the fact that this argument was also un-dergirded by specific reference to case law, it goes on to baldly assert that Sevil-la’s claim was pleaded “in the most skeletal way, leaving the court to do counsel’s work.” See Zannino, 895 F.2d at 17. Given that Sevilla has identified a factual error, highlighted governing precedent, and applied that law to the facts at hand, however, I fail to see what “work” counsel has left undone. In light of the content of Sevilla’s brief, the assertion that his claim has been waived is simply unsupported. Cf. United States v. Watson, 695 F.3d 159, 166-67 (1st Cir.2012) (waiving an argument presented only as “an oblique suggestion,” absent any reference to applicable case law or a governing standard); DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir.2001) (“Simply noting an argument in passing without explanation is insufficient to avoid waiver.”).
If our standard for escaping waiver required that arguments be pled to the highest degree of artfulness, or that they be situated in the most persuasive and logical place within an appellant’s brief, I might well find myself in agreement with the majority. For good reason, however, that is not our rule. As it stands, we require only that an argument be raised, and raised squarely. See, e.g., Sepúlveda-Contreras, 466 F.3d at 170 n. 4; Dunbar, 553 F.3d at 63 n. 4. This is a requirement that Sevilla has more than met.
The illogical nature of the majority’s holding is made even more apparent when considered in context. After all, what reasonable defendant would expend any more than a succinct portion of his or her brief arguing against a sentence which had already been vacated by the sentencing judge, and for which the government was not advocating? See United States v. Ayala-Vázquez, Nos. 11-2347, 12-1540, 751 F.3d 1, 19, 2014 WL 1810703, at *13 (1st Cir. May 2, 2014) (holding that a “perfunctory statement” was sufficient to avoid waiver where it served to put the court on notice of a clearly applicable argument). That Sevilla had the foresight even to include this argument in his brief, perhaps to ward off just such an overly formalistic and strained reading as the majority now adopts, is in itself impressive. Still, the majority now demands that he should have expended more of his appellate efforts tilting at windmills. I cannot agree that this claim was waived on appeal.
B. Plain-Error Review
The majority continues on to say that, even if Sevilla’s Rule 11 claim were not waived, it would still fall under plain-error review, because “Sevilla did not object on Rule 11 grounds during the initial colloquy or move to withdraw his plea in the district court.”
It is true that Sevilla did not object at his plea colloquy.[33] However, Sevilla’s *330 February 22, 2012, motion explicitly put forth this error as grounds for withdrawing his plea. In fact, elsewhere in its opinion, when discussing Sevilla’s motion, the majority acknowledges that fact. Recognizing that a motion to withdraw was filed, the majority instead rests its forfeiture finding on the subsequent motion hearing, in which Sevilla stated that he did not “want to reopen the hearing.” A thorough review of that hearing’s transcript, however, shows that Sevilla’s preferred course was significantly less clear than the majority purports:
[COUNSEL]: ... he does not want to reopen the hearing and stands by all his arguments in the pleading filed today.
THE COURT: He doesn’t want to reopen the hearing?
[COUNSEL]: Only because of all the arguments we’ve presented, that we understand that the
Rule 11 cannot be cured by Your Hon- or’s Rule 35(a) motion.
THE COURT: A Rule 11—
[COUNSEL]: That would be a forfeiture—
Read in context, Sevilla’s statement was intended specifically to preserve on appeal the complaint that the sentencing judge was acting beyond his power — a claim the majority has since deemed meritorious. At the same time, however, Sevilla purported to “stand by all” of his arguments, including the request to withdraw his plea.
Certainly, this portion of the record invites confusion. Its apparently contradictory statements, however, do not require that our court completely ignore the fact that Sevilla clearly and expressly motioned to withdraw his plea. Cf. United States v. Isom, 85 F.3d 831, 833-39 (1st Cir.1996) (considering on the merits a defendant’s claim that he should have been able to withdraw his plea, notwithstanding the fact that the defendant orally vacillated between requesting the right to withdraw and stating an intent to stand by that plea). Moreover, when presented with Sevilla’s motion, the sentencing judge— who repeatedly proclaimed that he retained jurisdiction over the issue[34] — considered and agreed with Sevilla’s argu *331 ment. That the district court attempted to effectuate the withdrawal of Sevilla’s plea in a manner beyond its power is most certainly an error — the court’s own — but it is not an error that, in my view, negates the fact that Sevilla clearly raised this claim, and it was squarely considered. In fact, I can think of no better evidence that the Rule 11 claim was raised than that which is present here: the sentencing judge awarded the relief sought. He withdrew the plea.
At the risk of piling on, I note that even if this court blinded itself to the clear record evidence that Sevilla’s claim was raised and considered, plain-error review would be wholly inappropriate. Forfeiture of claims, after all, is not .intended to be a “technicality or a trap for the indolent.” Nat’l Assn. of Social Workers v. Harwood, 69 F.3d 622, 627 (1st Cir.1995). To the contrary, the doctrine is intended to protect key values of judicial economy and fairness, and our court has warned not to prize consistency in its application over reason and equity. Id.; see also United States v. La Guardia, 902 F.2d 1010, 1013 (1st Cir.1990) (“When all is said and done, ‘rules of practice and procedure are devised to promote the ends of justice, not to defeat them.’ ” (alteration and citation omitted)).
Our precedent acknowledges that “[c]on-text is important,” United States v. Gallant, 306 F.3d 1181, 1187 (1st Cir.2002), and that there are situations where “it simply would be unfair and unwise as a matter of policy to hold that [ the defendant] forfeited the argument,” id. at 1189. This case, where the sentence was vacated below and no party argues for its imposition on appeal, is clearly one such situation. After all, this is a far cry from a case where our court has been “deprived ... of useful factfinding,” Harwood, 69 F.3d at 627, or of “the district judge’s insights into the point,” Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir.1990). Rather, the record on the issue is fully developed, and the sentencing judge’s view on the nature and effect of the error is more than clear. Similarly, the government was clearly put on notice of this claim and had every opportunity to respond. Harwood, 69 F.3d at 628 (“The absence of unfairness has a definite bearing on a decision to overlook this type of procedural default.”). At the February 22, 2012, motion hearing, the sentencing judge specifically asked the government if it agreed that allowing Sevilla to withdraw his plea was necessary, and the government answered affirmatively. The government’s appellate brief also never suggests either that Sevilla’s sentence is still intact, or that it should be.
Moreover, in imposing the sentence orally, the judge did not sentence Sevilla to life in prison on Count 2. At .best — adopting the sentencing judge’s rather strained explanation wholesale — the judge imposed a general sentence, without apportionment between the counts. This robbed Sevilla of a significant opportunity to uncover and object to the Rule 11 error prior to the final imposition of his sentence. See United States v. Dominguez Benitez, 542 U.S. 74, 79, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (applying plain-error review to a claim of Rule 11 error where no objection was made “[a]t the sentencing hearing”); United States v. Mateo, 179 Fed.Appx. 64, 65 (1st Cir.2006) (“[0]ur review is for plain error, unless Mateo was not afforded a sufficient opportunity. to present to the district court the argument which forms the basis of this appeal.”) (citations omitted)); United States v. Cortés-Claudio, 312 F.3d 17, 24 (1st Cir.2002) (“[A] post-sentence objection is not necessarily required to preserve the issue for appeal if the defendant could not reasonably have anticipated the issue would arise until after *332 the court ruled.”); see also United States v. Delgado-Hernández, 420 F.8d 16, 20 (1st Cir.2005) (applying plain-error review where the defendant had “ample opportunity” to object prior to the sentence’s imposition (quoting United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir.2005)). There is simply no sense of fairness or equity in allowing one error by the sentencing judge to shield another error from our review.[35] Even had Sevilla’s claim not been clearly raised and treated, the facts here provide precisely the sort of “context” that counsels against the overly rigid application of plain-error review. See Gallant, 306 F.3d at 1187.
Before the court below, Sevilla sought to withdraw his plea, the government did not object, and the sentencing judge awarded the relief sought. The plea was withdrawn and the sentence vacated. To now hold that Sevilla never brought this claim to the court’s attention is quite a bait and switch. Plain-error review is simply inappropriate in this circumstance.
C. Remand to the District Court
There is little question that this Rule 11 error was not harmless, such that the sentence cannot stand, see Fed.R.Crim.P. 11(h) (“A variance from the requirements of this rule is harmless error if it does not affect substantial rights.”), and — as expected in a case where the government agrees that the sentence should not be imposed— the government makes no attempt to prove otherwise. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (stating that the burden of proving that an error was harmless is on the government). Moreover it is the sentencing judge who is best positioned to assess what, if any, impact the Rule 11 error had on Sevilla’s understanding of his plea. See, e.g., United States v. Cotal-Crespo, 47 F.3d 1, 5 (1st Cir.1995) (noting that Rule 11 requires a sentencing judge to ascertain that the defendant’s plea is “voluntary and intelligent” (internal quotation marks citation omitted)). On February 22, 2012, the sentencing judge made clear that, “I have to set aside the plea, because the plea is invalid. And if the plea is invalid, the sentence is invalid.” He went on to state that he was “correcting for clear error emanating from the defective plea colloquy,” and that, in this case, “the consequences of an imperfect colloquy and the potential sentence are of real significance to the Defendant.” Thus, the harmfulness of this error is clear, and nothing gleaned from the appellate record shows otherwise. Remand is necessary.
III. Parting Words
Sevilla’s sentencing was fraught with mistakes, misstatements, and omissions on *333 the part of the sentencing judge. The unique posture of this case, arising from a sentencing replete with errors of the court’s own making, and concerning an error that no party seeks to defend, is well fit for a simple resolution: remand for a correction of the Rule 11 error and imposition of a new sentence. Instead, the majority now sua sponte chooses to summarily impose the first sentence, which the district court judge himself determined to be erroneous and improper, and which no party has sought to defend on appeal. In so doing, the majority — from a cold appellate record, and in contravention of the intent and discretion of the sentencing judge — has increased Sevilla’s sentence from just under thirty-four years to life in prison. This life sentence is based in no small part upon uncharged conduct which the district court, in its discretion, ultimately deemed improper to consider in this case.
In attempting to defend this resolution, the majority states that Sevilla was put on notice of the fact that, upon remand and resentencing, his ultimate sentence might be greater than the 405 months on appeal. That notice, however, never so much as hinted at the idea that our court might short-circuit the accepted practice of remand, which would have provided Sevilla with a chance to be heard at a new sentencing hearing, and instead simply impose a sentence significantly higher than that from which he appealed.[36]
From this result, a pyrrhic victory if there ever was one, I respectfully dissent.

.Although this statement strongly suggests that Sevilla was sentenced to life imprisonment on Count 1 and a five-year term on Count 2, the next day the sentencing judge proffered a different explanation. He had simply forgotten to apportion the sentence between the counts. See United States v. Zavala-Martí, 715 F.3d 44, 51 & n. 6 (1st Cir.2013). If read as imposed, without the benefit of the sentencing judge's subsequent written clarification, the life sentence on Count 1 would have exceeded the statutory maximum of eighty years.

. The sentencing judge explained that he had intended "to look at the two counts together and, after making the corresponding departures, sentence defendant to life imprisonment.” As modified, the sentence imposed was not a combined term of life imprisonment, however, but a combined term of life-plus — 327—months.

. Correcting this "typographical” error increased Sevilla’s sentence on Count 1 by fifty-two years and nine months.

. The sentencing judge also listed eight reasons why he would not consider the "Pitufo murder” in crafting a modified sentence. As the majority notes, it was within the sentencing judge's discretion to determine whether or not consideration of this uncharged conduct was appropriate. Here, he ultimately determined it was not.

. Although "not unsympathetic to the significant time pressures felt by the district courts as they manage heavy dockets with limited resources,” see United States v. Millán-Isaac, Nos. 12-1693, 12-1769, 749 F.3d 57, 73, 2014 WL 1613683, at *13 (1st Cir. Apr. 18, 2014), I am significantly concerned that such repeated claims of mistake and omission would hamper any defendant’s ability to thoroughly understand and respond to the sentence imposed.

. For the sake of clarity, I refer to both the original oral iteration of Sevilla’s sentence and its corrected written form as a single sentence, the first of three. As I note below, however, there are significant conflicts between these two versions of Sevilla’s sentence that materially impact its legality.

. At Sevilla's January 25, 2012, sentencing hearing, the judge did not impose a life sentence on Count 2. Rather, this term was first imposed in writing on January 26, 2012. Therefore, Sevilla had no reasonable opportunity to discover and raise the Rule 11 error during the sentencing hearing, prior to the sentence's imposition.

. When Sevilla queried whether the court’s ability to withdraw the plea was impacted by a sentence already having been imposed, the sentencing judge responded "it doesn't matter.” That proclamation ignores the plain text of Federal Rule of Criminal Procedure 11(e), which allows district courts to withdraw pleas for "any fair and just reason” only before the sentence is imposed. Fed. R.Crim.P. 11(e). Thus, we might chalk this up as one more error on the growing list of the sentencing judge’s missteps. It is significantly less clear, however, that — once considered — Sevilla's motion would consequently be subject only to plain-error review. The Supreme Court has explained that Rule 11(e) plays an important role in separating "meritorious second thoughts ... and mere sour grapes over a sentence once pronounced.” United States v. Vonn, 535 U.S. 55, 72, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (discussing Rule 32(e), which was later moved to Rule 11(e)). Vonn, however, dealt with a more typical case, in which the claim was first raised on appeal, and its holding was limited to those facts. See id. at 71-74, 122 S.Ct. 1043 (holding that a claim brought only on direct appeal is subject to plain error review); see also United States v. Borrero-Acevedo, 533 F.3d 11, 15 (1st Cir.2008) (reasoning that a Rule 11 issue raised for the first time on appeal was reviewed for plain error); United States v. Jiménez, 512 F.3d 1, 3 (1st Cir.2007) (same).

. Were there any question that this sentence requires remand, I also note that where the oral and written sentences materially conflict, the oral generally controls. See United States v. Meléndez-Santana, 353 F.3d 93, 100 (1st Cir.2003), overruled, in part, on other grounds by United States v. Padilla, 415 F.3d 211 (1st Cir.2005). Our court has previously held that some deviations in the terms of supervised release or restitution payments, where the defendant was notice of those terms, were not material. See United States v. Ortiz-Torres, 449 F.3d 61, 74 (1st Cir.2006); United States v. Vega-Ortiz, 425 F.3d 20, 22 (1st Cir.2005); United States v. Ferrario-Pozzi, 368 F.3d 5, 9 (1st Cir.2004). We have never gone nearly so far, however, as to say that a significant redistribution between counts of imprisonment was not a conflict. Here, viewing the sentencing judge’s proffered explanation about apportionment with the incredulity I believe it is due, given the clarity of his oral statement, the judge changed the sentence on Count 1 from life to 327 months and on Count 2 from sixty months to life. In light of that clear conflict, it would be the oral sentence that binds Sevilla, and the oral sentence is clearly illegal as surpassing the stipulated and accepted statutory maximum for Count 1. See, e.g., Blakely v. Washington, 542 U.S. 296, 303-04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

. I know of no other case — and the majority cites to none — -in which an appellate court undertook to put in place a higher sentence than that from which the defendant's appeal was taken. The unusualness of this situation is surely cold comfort to Sevilla, who (as the majority suggests) will undoubtedly "wish[] he had left well enough alone.” I hope, however, that it might mitigate the chilling effect of this result, such that future defendants are not made fearful of bringing even meritorious claims on appeal. While the majority seems to chide Sevilla for not "quit[ ting] while [he was] ahead,” I see no humor or harm in a defendant attempting to bring to our court’s attention a heavily flawed sentencing process. If Sevilla is seeking “another bite at the sentencing apple,” our court would do well to recognize that this is because his first was so thoroughly rotten.